UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA GLYNN BROOKS,

    Plaintiff,

v.                                         Case No.  1:15-CV-735

BETTY KEMP, et al.,                    HON. GORDON J. QUIST

    Defendants.
_____/

**OPINION**

    Plaintiff, Patricia Glynn Brooks, proceeding pro se, has filed a complaint on an Eastern District of Michigan form against numerous individuals.  Brooks's complaint is rambling, disjointed, and, frankly, impossible to decipher.  Under the "Statement of claim" portion, Brooks states, "(Blind Hazell Brooks injured person)."  She alleges that Defendants Kemp and Milton "have ordered hits on all family members until Patricia files for devorce [sic] for Mr. Edward L. [indecipherable] and walks off with nothing.  They have almost killed Terrone Williams in bed room and Patricia [indecipherable] as well. " Later, Brooks alleges that "Mr. Edward J. Glynn died in 2005 may be alive with 39 mistress [sic] as well as many prostitutes that have been paid by Betty Kemp on Edward L. Glynn."  Brooks also states that "Mr. Edmound uses everything to get him in the bed with Terrone."  Brooks does not request any relief.

    On July 21, 2015, the magistrate judge issued an order granting Brooks leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§

1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Brooks's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). The Court concludes that Brooks's complaint must be dismissed as required by § 1915(e)(2).

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Brooks fails to state a discernable claim. Brooks cites no federal statute, nor does she indicate that she is alleging a state-law claim. In short, the Court has no clue what Brooks is

alleging, nor can it say with any degree of certainty that it has jurisdiction over Brooks's claim, whatever it may be.  Moreover, "[a] complaint may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) (internal quotation marks omitted).  Such is the case here.  Accordingly, Brooks's complaint will be dismissed.

An Order consistent with this Opinion will be entered.


Dated: July 28, 2015                                                                  /s/ Gordon J. Quist
                                                                                                 GORDON J. QUIST
                                                                                      UNITED STATES DISTRICT JUDGE